UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60316-CV-ALTMAN
MAGISTRATE JUDGE REID

HARRY S. MCCRAY,

      Petitioner,

v.

STATE ATTORNEY,

      Respondent.

## **REPORT OF MAGISTRATE JUDGE**

### **I. Introduction**

This matter is before the Court on Petitioner's *pro se* Petition under 28 U.S.C. § 2254. [ECF 1]. Liberally construed, Petitioner seeks to challenge the constitutionality of his conviction and sentence in Case No. 04-CF-3257-10A. [ECF 1]. As set forth below, the Petition should be dismissed for lack of jurisdiction.

### **II. Factual and Procedural History**

On or about May 5, 2006, Petitioner was convicted and sentenced for tampering with a witness, felony battery, and violation of a domestic violence injunction. [ECF 18-2, pp. 12-19].

Petitioner appealed. [ECF 18-2, pp. 30, 32-34]. Pursuant to Petitioner's motion for voluntary dismissal of his appeal [*Id.* pp. 73-74], the Fourth District Court of Appeal dismissed the appeal on February 13, 2007. [*Id.* p. 76].

On August 13, 2014, Petitioner filed a state habeas petition in the Second District Court of Appeal. [*Id.* pp. 78-127]. The Petition was denied. [*Id.* p. 129].

Subsequently, Petitioner filed a habeas petition under 28 U.S.C. § 2254 in the Middle District of Florida. [*Id.* pp. 131-45]. After the action was transferred to the Southern District of Florida, in Case No. 14-62864-CV-DIMITROULEAS, the Court determined it lacked jurisdiction and, in the alternative, the petition was time-barred. [*Id.* pp. 149-50].

On appeal, Petitioner was granted a certificate of appealability on two issues: (1) whether the district court's procedural ruling that it lacked jurisdiction to entertain Petitioner's civil commitment claim was correct and (2) whether the district court's procedural ruling regarding the timeliness of the petition was correct. [*Id.* p. 155]. Because Petitioner did not address either issue in his appellate brief, the Eleventh Circuit affirmed the dismissal of the petition. [*Id.* pp. 154-56].

As of the date of the Response's filing, Petitioner is awaiting trial on whether he qualifies as a sexually violent predator pursuant to Fla. Stat. § 394.912 and is in the custody of the Department of Children and Families. [ECF 18, pp. 3-4].

Liberally construed, the Final Amended Petition seems to raise three claims: (1) ineffective assistance regarding the arraignment stage of his criminal proceedings; (2) the prosecution denied *Brady* evidence; and (3) ineffective assistance for counsel conceding Petitioner's innocence during the criminal trial. [ECF 15]. Thus, Petitioner's claims relate to the underlying criminal trial in 04-CF-3257-10A, not the proceedings related to his civil commitment.

### III. Discussion

A "second or successive" habeas petition must be authorized by the appropriate U.S. Court of Appeals, and unauthorized successive petitions must be dismissed for lack of jurisdiction when filed in the district court. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("[Petitioner] neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *See also United States v. Holt*, 417 F. 3d 1172, 1175 (11th Cir. 2005) (per curiam) (construing a petition for a writ of audita querela as a successive motion in a § 2255 context).

"The phrase 'second or successive' is not self-defining," however. *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007). In *Panetti*, the Supreme Court of the United States concluded that a second-in-time habeas petition under 28 U.S.C.§ 2254 did not fit the definition of "second or successive" as that gatekeeping mechanism is

understood. *See Scott v. United States*, 890 F. 3d 1239, 1248 (11th Cir. 2018) (discussing *Panetti*, 551 U.S. at 947). For instance, "second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citing, *inter alia*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)).

Furthermore, a "vacatur-based claim [that] did not exist until after the proceedings on [the] initial § [2254] motion concluded[]" is not subject to "second or successive" restrictions. *Boyd*, 754 F.3d at 1302. Similarly, where a "resentencing [leads] to a new judgment, [a subsequent § 2254 petition or § 2255 motion] challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Likewise, "when [a subsequent § 2254] petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam); *but cf. Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc) (distinguishing *Insignares*).

Lastly, if a claim—by its nature—unusually became ripe years after direct or collateral review, the claim might not be "second or successive" in a second-in-time motion to vacate or habeas petition. *See Scott v. United States*, 890 F.3d 1239, 1256 (11th Cir. 2018). *See also Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260

(11th Cir. 2009). To illustrate, in *Panetti*, a *Ford*[1] competency-to-be-executed claim was not successive within a second-in-time habeas corpus petition because the claim was filed as soon as the claim became ripe. *Tompkins*, 557 F.3d at, 1259-60 (discussing *Panetti*, 551 U.S. at 943-47). For this doctrine to apply, the habeas litigant must also have lacked a fair opportunity to raise the legal issue for lack of ripeness. *Scott*, 890 F.3d at 1249 (citing *Magwood v. Patterson*, 561 U.S. 320, 345 (2010) (Kennedy, J. dissenting)).

As previously mentioned, Petitioner's initial habeas petition was dismissed as time-barred. Dismissals of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits. *See, e.g.*, *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely).

Petitioner does not allege that he has applied for and obtained the necessary authorization from the Eleventh Circuit. Further, a search of the Public Access to Court Electronic Records ("PACER") website does not show that he has been authorized to file this Petition. Importantly, Petitioner is attacking the same conviction that he already attacked in his prior § 2254 action.

---

[1] *Ford v. Wainwright*, 477 U.S. 399 (1986).

Finally, Movant has not adequately alleged, and the record does not reflect, that any one of the above exceptions to the general bar on successive filings applies here. As such, Movant has filed a "second or successive" petition without the necessary authorization from the Eleventh Circuit. Without authorization, the Court lacks jurisdiction over the Petitioner. Accordingly, it should be dismissed for lack of jurisdiction.

## IV. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, in view of the entire record, a certificate of appealability should not issue. If Movant disagrees, he may so argue in any objections to this report.

## V. Conclusions and Recommendations

As discussed above, it is recommended that the Motion [ECF 1] be dismissed for lack of jurisdiction; that a certificate of appealability not issue; and that this case be closed.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Movant from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 5th day of August, 2020.

                                                  UNITED STATES MAGISTRATE JUDGE

cc: Harry McCray
991450
Florida Civil Committment Center (FCCC)
13619 SE Highway 70
Arcadia, FL 34266
PRO SE

Matthew Steven Ocksrider
Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive (Suite 900)

West Palm Beach, FL 33401
(561) 837-5000
Email: matthew.ocksrider@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com