**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-60316-CIV-ALTMAN/Reid**

**HARRY S. MCCRAY**,

    *Petitioner*,

v.

**STATE ATTORNEY**,

    *Respondent*.

_____/

**ORDER**

    **THIS MATTER** comes before the Court on United States Magistrate Judge Lisette M. Reid's Report and Recommendation [ECF No. 19] (the "R&R"), in which she suggests that the Court dismiss the Petition [ECF No. 1] (the "Petition" or "Pet.") for lack of jurisdiction. *See* R&R at 1. In the R&R, Magistrate Judge Reid warned the Petitioner:

> Objections to this [R]eport may be filed with the District Judge within fourteen days of receipt of a copy of the [R]eport. Failure to file timely objections shall bar Movant from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice.

*Id.* at 7. Despite this warning, the Petitioner has failed to timely object to Magistrate Judge Reid's R&R.

    When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly

filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 19] is **ACCEPTED and ADOPTED**.
2. The Petition [ECF No. 1] is **DISMISSED without prejudice**.
3. The Clerk of Court is directed to **CLOSE** this case, all pending hearings and deadlines are **TERMINATED**, and any pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Fort Lauderdale, Florida this 31st day of August 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Harry McCray
991450
Florida Civil Commitment Center (FCCC)
13619 SE Highway 70
Arcadia, FL 34266
PRO SE
Matthew Steven Ocksrider
Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive (Suite 900)

West Palm Beach, FL 33401
(561) 837-5000
Email: matthew.ocksrider@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com